IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IRVIN J. BETCH, *et al.*,     *

   Plaintiffs,     *

v.     *     Civil Action No. 8:22-cv-00894-PX

ATTORNEY MAURICE W. O'BRIEN, *et al.*,
    *

   Defendants.
    ***

## MEMORANDUM OPINION

Pending in this foreclosure-related dispute are Plaintiffs Irvin and Patricia Betch's Motion for Reconsideration and Motion for Recusal, ECF No. 14; Corrected Motion for Reconsideration and Motion for Recusal, ECF No. 22; Motion to Strike, ECF No. 24; and Motion for Default Judgment, ECF No. 21. Also pending before the Court are Defendants' motions to dismiss. ECF No. 12; ECF No. 17. The motions are fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the Court DENIES Plaintiffs' motions and GRANTS the motions to dismiss.

**I.     Background**

The Court construes the averred facts in the light most favorable to the Plaintiffs.[1] Plaintiffs recently lost their home to foreclosure and eviction. ECF No. 5 at 3. On January 21, 2020, substitute trustees Diane Rosenberg, Mark Meyer, Maurice O'Brien, and Cristian Mendoza (collectively "the Trustees") initiated the foreclosure action in the Circuit Court for Harford County against the property located at 3621 Homelot Court, Monkton, Maryland 21111.

---

[1] Because Plaintiffs proceed pro se, the Court reads the Amended Complaint most charitably to them to allow for the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

*See* ECF No. 21-1 at 1 (Case No. C-12-CV-20-000061) ("state foreclosure action"). On September 30, 2021, the Trustees reported to the Circuit Court that the property was sold at auction to Defendant Baltimore Home Wholesalers, LLC ("Home Wholesalers"). *See* ECF No. 22 at 2. On October 29, 2021, the Circuit Court denied the Plaintiffs' motion to stay the foreclosure sale. On November 18, 2021, the Circuit Court entered an order ratifying the sale. On February 9, 2022, the Circuit Grant granted Home Wholesalers' motion for possession and issued a writ of possession in its favor.

Subsequently, the Plaintiffs sought temporary injunctive relief from eviction, which the Circuit Court denied. Plaintiffs next appealed the denial to the Court of Special Appeals of Maryland, which dismissed the appeal as moot. And last, Plaintiffs unsuccessfully attempted to remove the foreclosure action to this Court.

The Plaintiffs next filed this action, requested temporary injunctive relief, and amended the Complaint once as a matter of right. ECF Nos. 1, 2, 5. The Amended Complaint avers that Trustees, Home Wholesalers, and Judges Kevin J. Mahoney and Angela M. Eaves violated the Plaintiffs' Due Process rights pursuant to 42 U.S.C. § 1983; the Tucker Act, 28 U.S.C. § 1491 *et seq.*; and the Administrative Procedure Act, 5 U.S.C. § 500 *et seq.*, and committed common law fraud and negligence. ECF No. 5.

On May 17, 2022, this Court denied the Plaintiffs' request for injunctive relief and dismissed claims against Judges Mahoney and Eaves as barred by the doctrine of judicial immunity. ECF No. 7 at 1. The Plaintiffs now move for reconsideration of whether Judges Mahoney and Eaves should have been dismissed and for this Court recuse itself from this case. ECF Nos. 14 and 22.

Defendants Trustees and Home Wholesalers move to dismiss the Amended Complaint, collectively asserting that all claims are barred by the doctrine of res judicata. ECF Nos. 12 and 17. Alternatively, Defendants maintain that the Rooker-Feldman doctrine precludes this Court from effectively overruling the state court's decision, and that the claims fail on the merits. ECF Nos. 12-1 and 17-1. Plaintiffs oppose Defendants' motion, and separately move for default judgment, ECF No. 21, and to strike the Trustees' pleading from the record, ECF No. 24. For the following reasons, the Court GRANTS the motions to dismiss and DENIES all other motions.

II.   Analysis

   A. Plaintiffs' Motion for Reconsideration

Because Plaintiffs' corrected motion[2] for reconsideration potentially affects the outcome of Defendants' motions to dismiss, the Court turns first to the reconsideration motion. Plaintiffs evidently move for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). ECF No. 22. To succeed, Plaintiffs must first "make a threshold showing of timeliness, a meritorious claim or defense, and a lack of unfair prejudice to the opposing party." *Bank v. M/V "Mothership"*, 427 F. Supp. 3d 655, 660 (D. Md. 2019) (citing *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011)). "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). They are:

   (1) mistake, inadvertence, surprise, or excusable neglect;

---

[2] Plaintiffs' original motion to reconsider (ECF No. 14) is denied as moot.

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Importantly, "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982); *see also M/V "Mothership"*, 427 F. Supp. 3d at 660 ("Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment.") (citation omitted). "Where the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." *Williams*, 674 F.2d at 313.

In support of their motion, the Plaintiffs simply object to the "unlawful removal of both Kevin J. Mahoney, and Angela M. Eves, d/b/a, Judge, from a complaint filed against them by Plaintiffs[.]" ECF No. 22 at 2.  Plaintiffs do not articulate, nor can the Court discern, any reason to undermine the Court's prior determination that the named judges are immune from suit.  ECF No. 7.  *See Forrster v. White*, 484 U.S. 219, 226-27 (1988); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991).  The motion for reconsideration is therefore denied.

The Plaintiffs also urge the Court to recuse itself from this case.  ECF No. 22 at 3-5.  They argue that this Court is biased in "attempting to exonerate, fellow B.A.R. members, Kevin J. Mahoney, and Angela M. Eves[.]"  ECF No. 22 at 2.  This motion, too, is baseless and must be denied.  *See U.S. v. Owens*, 902 F.2d 1154, 1156 (4th Cir. 1990) ("[C]ourts have typically rejected recusal motions based on, and effectively created by, a litigant's deliberate act of criticizing the judge or judicial system.").  The Court's prior ruling stands.

### B.  Plaintiffs' Motion for Default Judgment

Plaintiffs also move for default judgment because, according to them, Defendants failed to "respond" to the lawsuit.  ECF No. 21 at 3; *see also* ECF No. 27.[3]  Rule 12(a) requires the Defendant to either answer *or respond* to the complaint within 21 days after service of the complaint and summons.  Fed. R. Civ. P. 12(a)(1)(A)(i).   Although the Amended Complaint was filed on April 21, 2022 (ECF No. 5), Plaintiffs did not serve the pleading on Defendants until June 1, 2022.  ECF No. 19.  Each defendant thereafter filed timely motions to dismiss.  ECF Nos. 12 and 17.  Accordingly, Defendants were never in default, and so the motion must be denied.

### C.  Plaintiffs' Motion to Strike

Plaintiffs also move to strike the appearance of defense counsel, Sara Tussey, and any pleadings that she has filed on the Trustees' behalf, principally because she is an attorney practicing in the same firm as the Trustees.  ECF No.  3 at 4.  It is well-established, however, that attorneys may represent their own law firms.  *Cf. Jones v. Ward*, No. GJH-20-3225, 2021 WL 2861518, at *8 n.8 (D. Md. July 8, 2021).  Ms. Tussey is permitted to represent the attorney and

---

[3] Plaintiffs erroneously refer to Federal Rule of Civil Procedure 56 governing summary judgment motions.  Default Judgment is properly brought under Rule 55(a), which provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).

law firm Defendants, and no basis exists to strike either her appearance or any pleadings. *Cf. Allen Corp. of Am., Inc. v. Zayas*, No. TDC-14-3719, 2015 WL 13612402, at *1–3 (D. Md. July 24, 2015). The motion to strike is denied.

### D.  Defendants' Motion to Dismiss

Last, the Court reaches Defendants' motion to dismiss. Defendants principally argue that the claims set forth in the Amended Complaint are barred under the doctrine of res judicata. ECF Nos. 12-1 at 4-5 and 17-1 at 4-6. Res judicata prevents parties from "relitigating an identical issue with the same party or his privy" after having had a full and fair opportunity initially to press their claims. *Lauren Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161–62 (4th Cir. 2008) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). Specifically, res judicata bars the later-filed action when: (1) the parties or their privies in both suits are identical; (2) the claims in the new suit were or could have been brought in the original suit; and (3) the claims in the original suit reached a final judgment on the merits. *See Laurel Sand & Gravel, Inc.*, 519 F.3d at 162 (citing *Anne Arundel Cnty. Bd. of Educ. v. Norville*, 390 Md. 93, 106–07 (2005)); *see also Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013).

Where the complaint facts make clear that res judicata bars subsequently filed claims, the issue is properly resolved at the motion to dismiss stage. *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (citing *Thomas v. Consolidation Coal Co.*, 380 F.2d 69, 75 (4th Cir. 1967)). The Court may "take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact[.]" *Id. See also Migra v. Warren City Sch. Dist. Bd. Educ.*, 465 U.S. 75, 81 (1984) ("[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.").

When comparing the allegations set forth in the Amended Complaint to the state foreclosure action, each res judicata element is satisfied. *Compare* ECF No. 5 *with Diane Rosenberg, et al. v. Irvin Betch, et al.*, No. C-12-cv-20-000061. First, both cases share the same parties, namely the Plaintiffs, the Trustee, and Home Wholesalers. ECF No. 5 at 1. A third Defendant in this action—the law firm of Rosenberg & Associates, LLC—is in privity with the Trustees.[4] Thus, the parties are "identical" for purposes of res judicata.

Second, the matters share facts "related in time, space, origin or motivation[.]" *See Anyanwutaku v. Fleet Mortg. Group, Inc.*, 85 F. Supp. 2d 566, 571 (D. Md. 2000). Notably, res judicata bars claims that were or *could have been* brought in the original litigation. *Boyd v. Bowen*, 145 Md. App. 635, 656 (2002) (citing *Gertz v. Anne Arundel Cty.*, 339 Md. 261, 269 (1995)). Although the Amended Complaint is less than a model of clarity, the Plaintiffs aver that Defendants conspired to "steal" the property, without the "original contract," and "committed real estate deed fraud" in connection with the state foreclosure action. ECF No. 5 at 3. Moreover, the jurisdictional and other challenges that Plaintiffs level in this action clearly could have been brought in the state foreclosure action. Thus, when viewing the Amended Complaint most favorably to the Plaintiffs, all claims arise "out of the same transaction or series of transactions." *Laurel Sand & Gravel, Inc.*, 519 F.3d at 162.

Third, the foreclosure action was litigated to a final judgment on the merits, specifically the ratification of sale. *See Jones v. Ward*, No. GJH-20-3225, 2021 WL 2861518, at *6 (D. Md. July 8, 2021) ("[t]he ratification of sale constitutes a final judgment for preclusion purposes.") (citing *McGhee v. JP Morgan Chase Bank*, No. DKC-12-3072, 2013 WL 4495797, at *6 (D. Md.

---

[4] "Privity in the res judicata sense generally involves a person so identified in interest with another that he represents the same legal right." *Anyanwutaku v. Fleet Mortg. Group, Inc.*, 85 F. Supp. 2d 566, 571 (D. Md. 2000).

Aug. 20, 2013). The state foreclosure action also reflects that Plaintiffs had a full and fair opportunity to be heard on the validity of the foreclosure, including potential misconduct or illegality. *Id.* Thus, the third and final element is also satisfied.

In sum, when viewing the Amended Complaint most favorably to the Plaintiffs, the state foreclosure action involved the same parties or their privies, concerned the same events, and was litigated to final judgment. Accordingly, the federal action is barred under the doctrine of res judicata. Defendants' motion to dismiss the Amended Complaint must be granted on this basis alone.[5]

### III. Conclusion

Based on the foregoing, the Court GRANTS Defendants' motions to dismiss the Amended Complaint and denies Plaintiffs' motions. A separate Order follows.

August 18, 2022                                /s/
Date                                           Paula Xinis
                                               United States District Judge

---

[5] The Court declines to reach Defendants' alternative grounds for dismissal.